UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SCOTT, JR., | ) | CIVIL NO. 4:21-CV-01985 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| BLOSSBURG BOROUGH, *et al.*, | ) | |
| Defendants | ) | |

## MEMORANDUM OPINION

**I.   INTRODUCTION**

Before the Court is a Motion to Preclude Seven Witnesses (Doc. 121), a Brief in Support (Doc. 122), a Brief in Opposition (Doc. 133) and a Reply Brief (Doc. 135). The briefs contain confusing statements about the parties' intentions and agreements regarding these seven witnesses. I interpret the competing statements as follows (will be called = yes, won't be called = no):

(1)   Jill Nickerson (Blossburg Council member 2021), Yes (Doc. 133, p.1);

(2)   David Brann, Esq. (termination hearing officer), No (Doc. 122, p. 6), Yes (Doc. 133, p.1);

(3)   Chelsea Scott (Plaintiff's ex-wife), No (Doc. 133, p. 2 & Doc. 135, p. 2);

(4)   Tonya McNamara (Blossburg Council member 2021), Yes (Doc. 133, p.1);

(5)   George Lepley, Esq. (identify letters), No (Doc. 135. p. 2);

(6)   Charles Walters (identify letters), No (Doc. 135, p. 2);

(7)  Janelle LaMontagne (Packer Hospital Day program), No (Doc. 123, p. 2 & Doc. 135, p. 2).

## II.  BACKGROUND

In this lawsuit, Plaintiff, a former Blossburg Borough Police Officer claims that he was terminated from the police force in violation of the Americans with Disabilities Act (ADA), The Pennsylvania Human Relations Act (PHRA) and the First Amendment to the U.S. Constitution. The matter is set for trial beginning April 8, 2025.  Plaintiff has filed a motion that seeks to preclude the Defendants from calling at trial seven witnesses due to Defendants' failure to properly disclose these witnesses pursuant to Fed. R. Civ. P 26(a)(1)(A)(i) and as requested by Plaintiff's Interrogatories. (Doc. 121).  According to the motion, fact discovery closed on March 1, 2023. Defendant's Summary Judgment Motion was decided on February 20, 2024. (Doc. 69). Trial, originally scheduled for December 2, 2024, had to be moved (based on the Court's schedule) and is now set to begin on Tuesday, April 8, 2025. Defendants did not disclose their intention to call the seven witnesses until February 12, 2025.

Following a meet and confer session Plaintiff's counsel reports that Defendants now do not intend to call Messrs. Lepley, Walters, or Brann. (Doc. 122, p. 8). This leaves witnesses Chelsea Scott (Plaintiff's ex-wife); Tonya McNamara (Blossburg Council member), Jill Nickerson (Blossburg Council member and the

Mayor's wife), and Janelle LaMontagne (medical staff member at Guthrie Health Care Systems) as the object of this motion according to the opening brief.

In their Brief in Opposition (Doc. 133) Defendant's suggest that the only contested witnesses are Jill Nickerson, Tonya McNamara, and Attorney David Brann (Doc. 133, p. 5).

### III. LEGAL STANDARDS

"[T]he purpose of discovery—to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent,"[1] and "narrow and clarify the basic issues between the parties."[2] The Defense has an obligation to abide by the Federal Rules of Civil Procedure to provide full and timely disclosures under F. R. Civ. P. 26(a)(1)(A)(i) and full and complete interrogatory responses under F. R. Civ. P. 33.

F. R. Civ. P. 26 states in relevant part:

> Rule 26. Duty to Disclose; General Provisions Governing Discovery
> (a) Required Disclosures.
> (1) Initial Disclosure.
> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

---

[1] *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).
[2] *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Fed. R. Civ. P. 26

F. R. Civ. P. 33 states in relevant part:

> **Rule 33. Interrogatories to Parties**
> **(a) In General.**
> **(1)** *Number.* (omitted)
> **(2)** *Scope.* An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.
> **(b) Answers and Objections.**
> **(1)** *Responding Party.* The interrogatories must be answered:
> **(A)** by the party to whom they are directed; or
> **(B)** if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.
> **(2)** *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
> **(3)** *Answering Each Interrogatory.* Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
> **(4)** *Objections.* The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Fed. R. Civ. P. 33

Rule 37 Failure to Make Disclosures or to Cooperate In Discovery; Sanctions

states in relevant part:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the

party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i) —(vi).

The Third Circuit has provided a list of factors for the trial court to consider when a party seeks to exclude an opponent's witness because the witness names were not disclosed timely during discovery.

> Decisions of this and other courts suggest the factors to be considered in resolving this question: bad faith on the part of the party seeking to call witnesses not listed in his pretrial memorandum; ability of the party to have discovered the witnesses earlier; validity of the excuse offered by the party; willfulness of the party's failure to comply with the court's order; the parties' intent to mislead or confuse his adversary; and finally, the importance of the excluded testimony. Underlying the cases to which we have adverted are these basic considerations: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904–05 (3d Cir. 1977)(internal citations omitted).

With these legal standards in mind, we turn to the facts in this case.

## IV. DEFENDANTS' FAILURE TO DISCLOSE

Defendants admit that the seven contested witnesses were first listed as "witnesses" for the defense on February 12, 2025, two years after the close of fact discovery and a year after summary judgment was decided. They were not listed in the initial Rule 26 disclosure, or in response to interrogatories or a reply to the Plaintiff's deficiency letter.

Defendants assert that counsel "timely provided Rule 26(a)(3) Disclosures dated February 12, 2025." They do not explain how or by what standard those disclosures were "timely," (Doc. 133, p. 6) except to say that Rule 26(A)(3) disclosures must be provided thirty days prior to trial and the local rules allow a list of witnesses to be supplied to the party opponent within 14 days prior to trial (Local Rule 16.3). However, the purpose of these rules is not to define the disclosure requirements, but rather to provide a mechanism for shrinking the entire universe of what has been gleaned during the discovery process into a manageable constellation of witnesses and documents for use at trial.

Defendants claim that Nickerson, McNamara, and Brann were provided in "Supplemental Answers to Plaintiff's discovery" and "were listed on these supplements answers." (Doc. 133, p. 6) referring to Exhibit F of Doc. 133. However,

Exhibit F is undated and unsigned. No proof of service is attached.[3] In contrast, the next Exhibit G in the brief (the Defendant's Response to Plaintiff's Request for Production of Documents) is dated March 30, 2022, signed, and has a certificate of service. (Doc. 133, pp. 37, 38). The remainder of the exhibits attached to the motion are excerpts from larger documents and contain references to various council members and Attorney Brann. Defendants rely on these references as fulfilling their obligation to disclose potential witnesses. "Wherefore, in light of the fact that Plaintiff was provided documents during discovery replete with references to Council Members (Nickerson & McNamara) and the Hearing Officer (Attorney Brann), the Plaintiff's Motion to Strike must be denied." (Doc. 133, p. 13).

"Documents replete with references" is not the standard to determine if proper disclosure has been made. "Here is a large pile of documents, you read them and see if anyone mentioned has relevant evidence that you might want to depose before discovery closes" is also not the standard, but that is the essence of Defendant's argument. Further defendants argue by saying: "Defendants respectfully submit that every person's name who is mentioned or referenced consistently throughout discovery need not be listed in discovery responses and disclosures." I must disagree

---

[3] I infer from the context in the brief that Exhibit F was dated February 12, 2025, (see Doc. 133, p. 5) although Defendant's describe this as Exhibit "D" not "F". There is no Exhibit "D" attached to the Defendant's Brief. This confusion is exacerbated by Defendant's failure to provide a table of contents for their exhibits as required by local rule 5.1(f).

with that conclusion. The whole point of disclosure requirements is to streamline the discovery process, saving all parties time and money. That purpose is thwarted if a party can later argue "I didn't disclose, but you should have figured out who I intend to call."

Defendants also argue that since Plaintiff chose to depose a witness (Tim Martin) that was not on Defendant's witness list, the Plaintiff should not be allowed to object to the seven undisclosed witnesses. This too is not the standard. Plaintiffs may choose to depose witness that the defense has never heard of much less intend to call.

I do not conclude that Attorney Coleman deliberately "hid the ball" by not properly disclosing the seven witnesses. He is a respected member of the bar. However, Defendants have not explained why these seven witnesses (or even the three probably still disputed witnesses, Nickerson, McNamara and Brann) are "critical" to their defense[4] nor have they made a proffer of their testimony and how it might be relevant to one of the issues in this lawsuit.

[The next page contains the Conclusion]

---

[4] *DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1201-02 (3d. Cir. 1978).

## V. CONCLUSION

Having applied the *Myers* standard to the facts of this case the Plaintiff's Motion to Exclude Seven Witnesses should be granted. An appropriate order will follow.

Date: March 28, 2025                BY THE COURT

                                    *s/William I. Arbuckle*
                                    William I. Arbuckle
                                    U. S. Magistrate Judge